1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11

12   CHRISTIAN NADAL,                    CV 21-7590-RSWL
                                         CR 93-698-RSWL-1
13              Plaintiff,
                                         **ORDER RE: MOTION FOR**
14        v.                             **RECONSIDERATION** [8];
                                         **ORDER TO SHOW CAUSE RE:**
15   UNITED STATES,                      **PRE-FILING APPROVAL**

16              Defendant.

17

18

19        Petitioner Christian Nadal ("Petitioner") brings

20   this Motion for Reconsideration ("Motion") [8]

21   requesting that the Court reconsider its previous Order

22   [7] denying Petitioner's Writ of Error Coram Nobis [1]

23   and issue a declaratory judgment regarding whether the

24   firearms at issue in his 1993 criminal case were, in

25   fact, illegal firearms under the law.  Having reviewed

26   all papers submitted pertaining to the Motion for

27   Reconsideration, the Court **NOW FINDS AND RULES AS**

28

                                 1

**FOLLOWS:** the Court **DENIES** the Motion for Reconsideration and **ORDERS** Petitioner to show cause why he should not be deemed a vexatious litigant.

## I.   BACKGROUND

### A.   Factual Background

This matter arises from an underlying criminal action brought against Petitioner (then-defendant) in 1993.  See generally Mot. for Reconsideration, ECF No. 8; Order re: Writ of Error Coram Nobis, ECF No. 7.  The allegations against Petitioner concerned the manufacture and sale of illegal firearms and their parts.  Order re: Writ of Error Coram Nobis.  Following a jury trial before this Court, Petitioner was convicted of: (1) conspiracy to manufacture, transfer, and possess machineguns and silencers in violation of 18 U.S.C. § 371; (2) transferring and possessing machineguns in violation of 18. U.S.C. § 992(o)(1); and (3) transferring and possessing unregistered silencers in violation of 26 U.S.C. § 5861(d)-(e).  Id.  This Court sentenced Petitioner to 96 months of imprisonment to be followed by three years of supervised release.  Id.

### B.   Procedural Background

Petitioner appealed his convictions to the Ninth Circuit, arguing that he had been entrapped into selling illegal firearms to undercover Federal Bureau of Investigation ("FBI") agents.  United States v. Nadal, 64 F.3d 667 (9th Cir. 1995).  The Ninth Circuit affirmed his convictions, explaining that an acquittal based on

1    entrapment as a matter of law could not be justified.

2    Id. at 1.  Petitioner then unsuccessfully sought

3    certiorari in the U.S. Supreme Court.  Nadal v. United

4    States, 516 U.S. 1122 (1996).

5        On November 18, 1996, Petitioner filed a § 2255

6    motion [152] to vacate his sentence.  On March 31, 1997,

7    this Court denied [162] Petitioner's § 2255 motion.  The

8    Ninth Circuit affirmed the denial.  United States v.

9    Nadal, 188 F.3d 516 (9th Cir. 1999).  The U.S. Supreme

10   Court again denied certiorari.  Nadal v. United States,

11   531 U.S. 916 (2000).

12       On September 21, 2021, Petitioner filed a Writ of

13   Error Coram Nobis, styled as a Writ of Habeas Corpus

14   [1], before this Court.  The Court denied [7] the Writ

15   of Error Coram Nobis on December 15, 2021.  On January

16   7, 2022, Petitioner filed a Motion for Reconsideration

17   [8] seeking a declaration from this Court as to whether

18   the firearms at issue in his 1993 criminal case were, in

19   fact, illegal firearms under the law.

20                    **II.   DISCUSSION**

21   **A.   Discussion**

22        **1.   Motion for Reconsideration**

23       The governing standards for a motion for

24   reconsideration are set forth in Federal Rule of Civil

25   Procedure ("Rule") 59(e) and Local Rule 7-18.  See State

26   Comp. Ins. Fund v. Drobot, 192 F. Supp. 3d 1080, 1116

27   (C.D. Cal. 2016).  Local Rule 7-18 provides that:

28

1
2
3
4
5
6
7
8

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

9
C.D. Cal. R. 7-18.

10
11
12
13
14
15
16
Local Rule 7-18 further states that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion" and that "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."  Id.

17
18
19
20
21
22
23
24
25
26
27
28
Here, Petitioner's Motion was filed more than 14 days after entry of the Court's Order denying Petitioner's Writ of Error Coram Nobis.  Dismissal is warranted on this basis alone.  Additionally, Petitioner's Motion is largely identical to his Writ of Error Coram Nobis.  Compare Mot. for Reconsideration, with Writ of Error Coram Nobis.  Petitioner's duplicative and repetitive Motion thus fails to meet the requirements under Local Rule 7-18 for a proper motion for reconsideration.  To be clear, Petitioner does not state that a material difference in fact or law has

4

1  occurred or otherwise demonstrate why the Court should

2  revisit its Order denying Petitioner's Writ of Error

3  Coram Nobis.  See generally Mot. for Reconsideration.

4  Rather, it appears that Petitioner has merely deleted a

5  few sentences from his Writ of Error Coram Nobis and re-

6  filed the same as a Motion for Reconsideration.

7  Accordingly, the Court **DENIES** the Motion for

8  Reconsideration.

9         **2.   Order to Show Cause**

10        "District courts have the inherent power to file

11  restrictive pre-filing orders against vexatious

12  litigants with abusive and lengthy histories of

13  litigation."  Weissman v. Quail Lodge, Inc., 179 F.3d

14  1194, 1197 (9th Cir. 1999) (citing De Long v. Hennessey,

15  912 F.2d 1144, 1147-48 (9th Cir. 1990)).  "Such pre-

16  filing orders may enjoin the litigant from filing

17  further actions or papers unless he or she first meets

18  certain requirements, such as obtaining leave of the

19  court or filing declarations that support the merits of

20  the case."  Id.  The Ninth Circuit has recognized that

21  "such pre-filing orders should rarely be filed."  De

22  Long, 912 F2d at 1147.  However, "[f]lagrant abuse of

23  the judicial process cannot be tolerated because it

24  enables one person to preempt the use of judicial time

25  that properly could be used to consider the meritorious

26  claims of other litigants."  Id. at 1148.

27        Given that Petitioner has raised, in several

28  successive habeas petitions, arguments that have been

1  rejected by this Court and others, Petitioner is ordered

2  to show cause why he should not be required to obtain

3  pre-filing approval before filing any future action that

4  challenges any aspect of the underlying criminal

5  proceedings.  See L.R. 83-8.  Petitioner shall file a

6  written submission on or before February 14, 2022,

7  explaining why he should not be deemed a vexatious

8  litigant.  Upon receiving any response, the matter will

9  be taken under submission.  Petitioner's failure to file

10  a timely response will be deemed consent to an order

11  finding that he is a vexatious litigant.

## III.   CONCLUSION

13  For the foregoing reasons, the Motion for

14  Reconsideration is **DENIED.**  As noted, on or before

15  February 14, 2022, Petitioner shall file a written

16  submission demonstrating why he should not be required

17  to obtain pre-filing approval before filing any future

18  action that challenges any aspect of the underlying

19  criminal proceedings.

21  **IT IS SO ORDERED.**

23  DATED: January 14, 2021    /s/ Ronald S.W. Lew
                             _____
24                            **HONORABLE  RONALD  S.W.  LEW**
                             Senior U.S. District Judge

6